

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

October 17, 1990

Honorable O. H. "Ike" Harris
Chairman
Economic Development
   Committee
Texas State Senate
P. O. Box 12068
Austin, Texas 78711

Opinion No. JM-1235

Re: Whether application forms for mixed beverage permits may be distributed among certain public officials (RQ-2128)

Dear Senator Harris:

You have requested our opinion as to whether application forms for mixed beverage permits may be distributed among certain public officials without thereby making such forms public under the Open Records Act, article 6252-17a, V.T.C.S.

Section 3(a)(1) of the Open Records Act excepts from disclosure "information deemed confidential by law, either Constitutional, statutory, or by judicial decision." Section 5.48 of the Alcoholic Beverage Code provides:

> (a) 'Private records,' as used in this section, means all records of a permittee, licensee, or other person other than the name, proposed location, and type of permit or license sought in an application for an original or renewal permit or license, or in a periodic report relating to the importation, distribution, or sale of alcoholic beverages required by the commission to be regularly filed by a permittee or licensee.

> (b) The private records of a permittee, licensee, or other person that are required or obtained by the commission or its agents, in connection with an investigation or otherwise, are privileged unless introduced in evidence in a hearing before the commission or before a court in this state or the United States.

See generally Open Records Decision No. 544 (1990).

p. 6573

You explain that each application furnishes "space for waiver of notice by the county judge, certificates of the city and county clerks as to compliance with ordinances and wet/dry status, and [a] certificate of the state comptroller as to sales tax status." You explain that the applicant files the form with the Texas Alcoholic Beverage Commission (TABC) and that the TABC then circulates the application among the officials who must sign it. You inquire as to whether this practice violates section 5.48(b) of the Alcoholic Beverage Code, which denominates as "privileged" certain information contained in a permit application. "Privileged" in the context of this statute has been held to mean "confidential" for purposes of the Open Records Act. Open Records Decision No. 186 (1978).[1]

It is well established that pursuant to the Open Records Act, there are persons and entities to which information may be transferred without waiving any exception under the act. A transfer of information from one governmental agency to another does not destroy the protected character of the information so long as each agency is authorized to possess that information. Attorney General Opinions H-917 (1976); H-242 (1974); Open Records Decision No. 272 (1981). Information may also be transferred from one individual to another within a governmental body without losing its confidential status. Open Records Decision No. 468 (1987).

Accordingly, we hold that application forms for mixed beverage permits may be distributed among particular public officials without thereby making such forms public under the Open Records Act and without violating section 5.48 of the Alcoholic Beverage Code.

### S U M M A R Y

Application forms for mixed beverage permits may be distributed among particular public officials, e.g., a county judge, city and county clerks, and the state comptroller, without thereby making such forms public

---

1. Whether "privileged" means "confidential" must be determined from the context. Compare Open Records Decision No. 384 (1983) with Open Records Decision No. 290 (1981).

under the Open Records Act, article 6252-17a,
V.T.C.S., and without violating section  5.48
of the Alcoholic Beverage Code.

Very truly yours

JIM   MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General